**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JULIAN PALACIOS,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY STATE PAROLE BOARD *et al.*,<br><br>Defendants. | No. 26cv2998 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Julian Palacios, a state prisoner, brings this action under 42 U.S.C. § 1983 for damages against Defendants New Jersey State Parole Board, Samuel J. Plumeri, Jr., James B. Jefferson, Allen L. Delvento, South Woods State Prison Parole Supervisor Watson, Thomas P. Haaf, and Kerri E. Cody. D.E. 1 ("Complaint" or "Compl."). Plaintiff alleges his parole hearing was delayed, and he challenges a sixteen-month future parole eligibility term imposed at his 2025 parole hearings. Plaintiff also applies to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), D.Es. 1-2 & 5 ("IFP App."), and moves for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), D.E. 2 ("Mot. to Appoint Counsel").

Because Plaintiff demonstrates financial need, the Court will **GRANT** his IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). As set forth below, the Court will **DISMISS** the Complaint **in part *with prejudice***, **DISMISS** the Complaint **in part *without prejudice***, and **DENY *without prejudice*** Plaintiff's Motion to Appoint Counsel.

## I. BACKGROUND

The Court liberally construes the Complaint to allege that Plaintiff challenges both the timing of his December 29, 2025 parole hearing and the decisions made at his March 18, 2025 and December 29, 2025 parole hearings. Regarding the timing of his parole hearings, Plaintiff alleges:

> Originally I was seen on 3/18/25 given a 16 month hit, but after I had revocation hearing having 2 violations dismissed out of the 5. Parole then reversed my date back to 3/18/25 but I was not seen until 12/29/25 … only to be given a 16 month hit again[.]

Compl. at 6. Plaintiff further alleges he was told by a non-party individual who "works for parole" that he would be seen on December 6 or 13, 2025, but he did not have a hearing on those dates. *Id.* at 6.

Plaintiff describes the personal involvement of each named defendant. Plaintiff alleges Defendant Watson, Supervisor of Parole at South Woods State Prison, was responsible for calculating his parole eligibility date and scheduling a hearing for that date, but violated his due process rights by failing to conduct the hearing as scheduled. Compl. at 4. As far as the Court is able to construe the Complaint, Defendant Hearing Officers Thomas P. Haaf and Kerri E. Cody presided over his parole hearing on March 18, 2025. During that hearing, Haaf allegedly displayed an improper personal interest by claiming that Plaintiff must have been drinking and driving because he took a 12-step course, and Haaf refused to hear material facts from Plaintiff regarding parole. Compl. at 5. Defendant Cody also presided over that March 18, 2025 hearing, and she also allegedly questioned Plaintiff about drinking and driving and displayed a personal interest in imposing a "16 month hit" on Plaintiff. *Id.* at 5–6.

As to Defendant Hearing Officers James B. Jefferson and Allen L. Delvento, Plaintiff alleges they presided over a virtual parole hearing on December 29, 2025, and Jefferson displayed an improper personal interest by rushing through the hearing, trying to provoke Plaintiff, and

refusing to consider material facts. *Id.* at 5. Delvento, Plaintiff alleges, was quiet during the hearing but "agreed with Jefferson's personal interest to give me a 16 month hit after the rushed hearing." *Id.* Finally, Plaintiff alleges Defendant Samuel J. Plumeri, Jr. is the Chairman of the New Jersey State Parole Board and is liable for failing to train and supervise, in violation of the Eighth and Fourteenth Amendments. *Id.* at 4. Plaintiff seeks compensation for each day beyond his parole eligibility date and $2.5 million for emotional distress. *Id.* at 7.

## II. LEGAL STANDARD

Under Section 1915(a), a court may excuse a prisoner from prepayment of fees "if she can demonstrate that she is unable to pay such fees." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The same screening standard applies to "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Courteau v. United States*, 287 F. App'x 159, 161 n. 2 (3d Cir. 2008) (quoting 28 U.S.C. § 1915A(b)).

Complaints must be dismissed upon screening where they fail to state a claim, the same standard to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (affirming district court determination that applied Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)); *Courteau*, 287 F. App'x at 160–61, n.2 (recognizing Rule 12(b)(6) standard for dismissal for failure to state a claim is applicable under Section 1915A(b)).[1]

[1] The Court's preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935,

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation modified).

A *pro se* plaintiff's complaint must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation modified). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (citation modified).

## III. ANALYSIS

The Court first addresses Plaintiff's IFP Application. The Court then reviews Plaintiff's claims against each Defendant, and finally considers Plaintiff's Motion to appoint pro bono counsel.

### A. The Court Will Grant Plaintiff's IFP Application

Plaintiff's certified inmate trust account statement establishes that he does not have the funds to pay the $350 filing fee and $55 administrative fee. IFP App. at 6–12. Therefore, the Court will **GRANT** Plaintiff's IFP Application.

---

2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (citation modified)).

**B. State Parole Board**

The New Jersey State Parole Board is not a "person" subject to suit under 42 U.S.C. § 1983. *Madden v. New Jersey State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971) (per curiam); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) (holding that a suit against an official's office is no different than a suit against the State for purposes of Eleventh Amendment immunity). Because amendment cannot cure that statutory defect in Plaintiff's § 1983 claim for damages against the Board, the Court will **DISMISS *with prejudice*** Plaintiff's § 1983 claim against the Board.

**C. Hearing Officers**

Plaintiff sued Jefferson, Delvento, Haaf, and Cody for their conduct in parole hearings, including their consideration of evidence and determination of sixteen-month future eligibility terms. Compl. at 4–6. Parole officials have quasi-judicial immunity from damages, immunity that is absolute for adjudicatory functions, while executive, administrative, and investigative functions receive only qualified, good faith immunity. *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986); *Wilson v. Rackmill*, 878 F.2d 772, 775–76 (3d Cir. 1989). The challenged acts alleged in the Complaint are adjudicatory. Accordingly, the Court will **DISMISS *with prejudice*** Plaintiff's claims against Jefferson, Delvento, Haaf, and Cody in their individual capacities.

**D. Plumeri**

Plaintiff alleges that Chairman Plumeri failed to train, advise, and oversee personnel responsible for timely parole consideration. Compl. at 4. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Supervisory "liability may attach [under § 1983] if [supervisors], 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). "'Failure to' claims—failure to train, failure to discipline, or . . . failure to supervise—are generally considered a subcategory of policy or practice liability." *Barkes*, 766 F.3d at 316. Thus, Plaintiff must allege facts supporting that a specific supervisory or training practice or deficiency created an unreasonable risk of a constitutional violation, that Plumeri knew of and was deliberately indifferent to the risk, and the omission caused the subordinate's constitutional violation. *See*, *e.g.*, *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001); *see Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015) ("[T]he inmate must identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury."). Merely alleging that a supervisor should have done more does not establish these elements. *Brown*, 269 F.3d at 216. Plaintiff has not identified a particular training or supervisory deficiency, explained the risk it created, or connected it to the handling of his hearing. Accordingly, the Court will **DISMISS *without prejudice*** Plaintiff's claims against Plumeri.

### E. Watson

Watson allegedly calculated parole eligibility dates at South Woods State Prison and failed to make a hearing available to Plaintiff on the appropriate date. Compl. at 4. These allegations do not support a reasonable inference that Watson personally caused or knowingly acquiesced in an unconstitutional delay of Plaintiff's parole hearing(s). Watson's role in "calculating" a parole date,

as opposed to determining a future eligibility term, and scheduling a parole hearing with the Parole Board is not sufficiently clear.

The chronology also needs clarification. Plaintiff identifies March 18, 2025 as the date allegedly restored for his hearing after a revocation hearing, but does not state when restoration occurred or explain the December proceedings. Compl. at 6. A missed state-law hearing deadline does not by itself establish a federal due process violation, although a substantial delay may present a constitutional claim. *See Johnson v. Paparozzi*, 219 F. Supp. 2d 635, 642 (D.N.J. 2002) ("due process 'does not include receiving a parole hearing in exact accordance with the specific time period required by N.J.S.A. 30:4–123.55(c)'") (quoting *Burgos v. New Jersey State Parole Bd.*, No. 99-3034, 2000 WL 33722126 at *8 (D.N.J. Aug. 7, 2000)). Therefore, the Court will **DISMISS** ***without prejudice*** Plaintiff's claim against Watson.

## IV. MOTION FOR PRO BONO COUNSEL

Plaintiff seeks counsel because he cannot afford representation and believes legal issues, discovery, and evidence rules in this matter are complex. Mot. to Appoint Counsel at 3. A civil litigant does not have a statutory right to appointed counsel. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent an indigent litigant. In determining whether to make a request, the threshold consideration is whether the plaintiff's claims have arguable merit in fact and law. *Tabron*, 6 F.3d at 155–57. This threshold consideration is not met here because, as explained above, Plaintiff's Complaint fails to state a claim. Therefore, the Court will **DENY** ***without prejudice*** Plaintiff's Motion to Appoint Counsel.

## V. CONCLUSION AND ORDER

For the reasons explained above,

**IT IS**, on this 29th day of October 2026,

**ORDERED** that Plaintiff's IFP Application, D.Es. 1-2 & 5, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall file the Complaint, D.E. 1, but summons shall not issue; and it is further

**ORDERED** that Plaintiff's Eighth and Fourteenth Amendment claims under 42 U.S.C. § 1983 against the New Jersey State Parole Board are **DISMISSED *with prejudice***; and it is further

**ORDERED** that Plaintiff's Eighth and Fourteenth Amendment claims under 42 U.S.C. § 1983 against Hearing Officers James B. Jefferson, Allen L. Delvento, Thomas P. Haaf, and Kerri E. Cody are **DISMISSED *with prejudice*** based on immunity; and it is further

**ORDERED** that Plaintiff's Eighth and Fourteenth Amendment claims under 42 U.S.C. § 1983 against Samuel J. Plumeri, Jr., and Mrs. Watson are **DISMISSED *without prejudice*** for failure to state a claim; and it is further

**ORDERED** that Plaintiff's Motion to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1), D.E. 2, is **DENIED *without prejudice***; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **45 days** of this Order; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter, subject to reopening by the Court upon Plaintiff's timely filing of an amended complaint. If Plaintiff fails to timely file an amended complaint, the Complaint may be dismissed ***with prejudice*** under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.